CASEY SANDERS, Petitioner Below-Appellant,
v.
MASON SANDERS, Respondent Below-Appellee.
No. 58, 2008.
Supreme Court of Delaware.
Submitted: July 11, 2008.
Decided: August 26, 2008.
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER[1]
JACK B. JACOBS, Justice.
This 26th day of August 2008, upon consideration of the briefs on appeal and the record below, it appears to the Court that:
(1) The petitioner-appellant, Casey Sanders ("Wife"), filed an appeal from the Family Court's January 3, 2008 order denying her "motion to compel".[2] We find no merit to the appeal. Accordingly, we affirm.
(2) The Family Court record reflects that Husband and Wife have been involved in litigation in the Family Court since 2005. On July 15, 2005, the Family Court entered a final decree of divorce and retained jurisdiction over ancillary matters, including division of the marital property. In 2006, Husband and Wife entered into a stipulation, effective September 7, 2006, regarding division of the marital property. On November 15, 2006, the Family Court entered the stipulation as an order. During 2007, the parties continued to litigate various issues arising out of the division of the marital property.
(3) On November 21, 2007, Wife filed a "motion to compel," requesting enforcement of the provision of the stipulation requiring that the parties fully disclose all interest in property and divide any undisclosed marital property later found to exist. Specifically, Wife alleged that several checks had been written by Husband out of a joint account that he had not disclosed to her prior to execution of the stipulation and requested the Family Court to award her a share of those assets. On January 3, 2008, the Family Court entered its order denying Wife's motion on the grounds that the assets referred to by Wife had not been concealed from her and did not constitute marital property in any case.
(4) In this appeal, Wife claims that the Family Court erred and abused its discretion by failing to find that Husband had dissipated marital property, by discriminating against Wife because she is Asian, by ordering that the parties' children live with Husband, by failing to grant her visitation with the children, by denying her constitutional rights, and by failing to award her alimony.
(5) This Court's review of appeals from the Family Court extends to a review of the facts and the law, as well as a review of the inferences and deductions made by the judge.[3] This Court will not disturb findings of fact unless they are clearly wrong and justice requires that they be overturned.[4] If the Family Court has correctly applied the law, the standard of review is abuse of discretion.[5] Errors of law are reviewed de novo.[6]
(6) We have carefully reviewed the record as well as the parties' submissions in this case. Wife has failed to provide any factual or legal support for her claim of entitlement to dissipated marital assets. Therefore, we conclude that the Family Court neither erred nor abused its discretion when it denied her motion. There is, moreover, no evidence of any constitutional violation. As for Wife's other claims, they bear on issues not presently before this Court and we, therefore, will not address them.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.
NOTES
[1] By Order dated February 4, 2008, the Court sua sponte assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).
[2] The motion actually requested the Family Court to find that respondent-appellee Mason Sanders ("Husband") had dissipated assets in violation of the parties' property division stipulation and divide the value of those assets between the parties in accordance with the terms of the stipulation.
[3] Wife (J.F.V.) v. Husband (O.W.V., Jr.), 402 A.2d 1202, 1204 (Del. 1979).
[4] Solis v. Tea, 468 A.2d 1276, 1279 (Del. 1983).
[5] Jones v. Lang, 591 A.2d 185, 186 (Del. 1991).
[6] In re Heller, 669 A.2d 25, 29 (Del. 1995).